UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **Jeff Rice,** | : | **CASE NO. 12-cv-001** |
| | : | |
| | : | **JUDGE THOMAS M. ROSE** |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ACTIVE ELECTRIC, INC.,** | : | |
| | : | |
| *Defendants* | : | |
| | : | |
| | : | |
| | : | |

**ENTRY AND ORDER DENYING DEFENDANTS ACTIVE ELECTRIC INC.'S MOTION TO DISMISS** (DOC. 8)**.**

Pending before the Court for decision is Defendants Active Electric Inc.'s Motion to Dismiss. Doc. 8. Therein, Defendant asserts Plaintiff's Complaint should be dismissed because his claims under the Fair Labor Standards Act are subject to a statute of limitations defense, also because they are barred by *res judicata*, and because Plaintiff's Ohio state law charges fail to state a claim.

Plaintiff Jeff Rice asserts Defendant Active Electric has violated its obligation to fulfill a request for timesheets as required by Ohio law. Rice further asserts that on August 31, 2012, Rice opted-in to *Hivner v. Active Electric, Inc*., 3:12-cv-1, as an opt-in plaintiff in that collective action lawsuit related to his unpaid overtime wages, but, Rice alleges, his overtime claim was not addressed and was terminated without adjudication on the merits when the action was dismissed on August 13, 2013. Rice also claims that Active Electric violated the Ohio Prompt Payment

1

Act, § 4113.61(B), by willfully failing to pay Rice a properly calculated overtime rate of wages

for all overtime hours he worked. Similarly, Rice asserts a claim under the laws of the

Commonwealth of Kentucky for overtime wages for hours worked in the Commonwealth.  Doc.

1.

Defendant's motion would have the Court either find *Hivner v. Active Electric, Inc.*,

3:12-cv-1, still open and hold the instant action duplicative. Alternatively, Defendant would have

the Court find Plaintiff's action time barred.  Defendant's motion also asserts that Ohio Revised

Code § 4113.61 does not apply to Plaintiff's wages.  Next, Defendant would have the Court find

Plaintiff's claims barred by *res judicata*, as, Defendant asserts, Plaintiff should have pursued his

claims in *Hivner v. Active Electric, Inc.*, 3:12-cv-1.  Finally, Defendant requests that the Court

decline to exercise supplemental jurisdiction over Plaintiff's state law claims and award attorney

fees.

## I.    Standard of Review

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be

granted. Fed. R. Civ. P. 12(b)(6). We assume the factual allegations in the complaint are true and

construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v.*

*Booth Creek Management Corp.*., 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v.*

*Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in

the light most favorable to the non-moving party, "the court does not accept the bare assertion of

legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton*

*v. Disponett*, 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group,*

*Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
> plain statement of the claim showing that the pleader is entitled to

> relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.     Analysis

Defendant asserts that, because Plaintiff claims his claim was not adjudicated on the merits, this Court should deem *Hivner v. Active Electric, Inc.*, 3:12-cv-1, still open, in spite of the Court's own docket stating it is closed, and find the instant action duplicative. Alternatively, Defendant would have the Court find Plaintiff's action time-barred. Next, Defendant asserts that Ohio Revised Code § 4113.61 does not apply to Plaintiff's wages. Finally, Defendant would have the Court find Plaintiff's claims barred by *res judicata*, as, Defendant asserts, Plaintiff should have pursued his claims in *Hivner v. Active Electric, Inc.*, 3:12-cv-1.

Should the Court agree with Defendant, Defendant requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Defendant also seeks attorney fees.

## A.     Equitable Tolling of Statute of Limitations

Active Electric has requested dismissal of Plaintiff's claim under the FLSA, 29 U.S.C. § 216(b), asserting it was filed too late.  Because Plaintiff has alleged a willful violation of the FLSA, (Doc. 6 at PageID # 36, First Am. Compl. ¶¶ 79-81), his claim is governed by a three-year statute of limitations. 29 U.S.C. § 255(a). Plaintiff has alleged violations during five pay periods in the year 2010—i.e., April 10, 2010; April 17, 2010; April 24, 2010; May 8, 2010; and May 15, 2010.  This action was filed January 31, 2014. (Doc. 6 at PageID # 30- 31, First Am. Compl. ¶¶ 20, 24, 28, 35, 39.)  Plaintiff opted-in to *Hivner* collective action on August 31, 2012. (Doc. 6 at PageID # 35, First Am. Compl. ¶ 71; Doc. 8-5 at PageID # 116-120, Def.'s Mot. Dismiss at Exs. 5, 5A *Hivner* Declaration and Opt-In Consent Form).  On August 9, 2013, Plaintiffs Robert Hivner, Jr., Thomas Reynolds, and Shane Brooks and Defendants Active Electric, Inc., and Jack E. Tincher moved the Court to approve a settlement agreement. *Hivner*, Doc. 30.  No brief in support of this motion, highlighting the standards to be applied to its approval or reasons why the proposed settlement met those standards was tendered.  The Court treated the motion as a run-of-the-mill motion to approve settlement and granted the motion. *Hivner*, Doc. 31.  The moving parties did not object or move the Court to make the necessary findings.  Thus, on August 13, 2013, the Court dismissed *Hivner* without decertification of the collective action or adjudication or compromise of Plaintiff's FLSA claim. (Doc. 6 at PageID # 35, First Am. Compl. ¶¶ 72-73. Compare Doc. 8-9 at PageID #132, Def.'s Mot. Dismiss at Ex. 9, *Hivner* Settlement Agreement and General Release with Doc. 8-4 10 at PageID # 142, Def.'s Mot. Dismiss at Ex. 10, *Hivner* Order of Dismissal.) Active Electric did not attempt to dismiss, adjudicate, or compromise Plaintiff's opt-in claim in *Hivner*.

Plaintiff asserts his FLSA claim should proceed because it was tolled during *Hivner*. Equitable tolling is read into "every federal statute of limitations," including those in the FLSA,

29 U.S.C. § 201. et seq. *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946); see also *Abadeer v. Tyson Foods, In*c., 3:09-0125, 2010 WL 5158873, at \*3 (M.D. Tenn. Dec. 14, 2010) (stating "while the language of the statute may not consider equitable tolling, Congress did not explicitly remove from this Court[] its equitable power to toll the FLSA's statute of limitations. Rather, the equitable tolling doctrine is read into every federal statute"); *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio. 2007); *United States v. $57,960.00 in United States Currency*, 58 F. Supp. 2d 660, 664 (D.S.C. 1999).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGugilelmo*, 544 U.S. 408, 418 (2005). Plaintiff asserts his claims should be tolled between August 31, 2012 and August 13, 2013. When a lawsuit is initially "pursued as a collective action, each individual class member's case commences, thereby tolling the statute of limitations, on the day he files his opt-in notice." *Hurt v. Commerce Energy, Inc.*, 1:12-cv-758, 2014 U.S. 5 Dist. LEXIS 127249, at \*5 (N.D. Ohio Sept. 10, 2014)2 (citing 29 U.S.C. § 256(b)). See also *Orduna v. Champion Drywall, Inc.*, 2:12-cv-1144, 2013 U.S. Dist. LEXIS 43367, at \*3-4 (D. Nev. Mar. 26, 2013). When an opt-in plaintiff's FLSA claim is not adjudicated by the Court or settled with court approval, courts toll the statute of limitations from the opt-in date until the dismissal date. E.g., *McLaughlin v. Harbor Cruises, LLC*, 06-11299, 2009 U.S. Dist. LEXIS 27816, at \*4-5 (D. Mass. Mar. 31, 2009)(tolling former opt-in plaintiff's claims from the date the opt-in consent form was filed until the date of dismissal of the collective action). See also *Orduna*, 2013 U.S. Dist. LEXIS 43367, at \*6.

> Unlike Rule 23 class actions, in which the statute of
> limitations will be tolled for all class members until the class-

> certification decision has been made, or until an individual class
> member opts out, the statute of limitations for a plaintiff in a
> collective action will be tolled only after the plaintiff has filed a
> consent to opt-in to the collective action. Like class suits, however,
> the statute of limitations for opt-in plaintiffs will begin to run again
> if the court later decertifies the collective action.

7B Charles Alan Wright and Arthur Miller, Federal Practice and Procedure §1807 (3d ed. 2012).

Here, because the statute of limitations is tolled between August 31, 2012 and August 13, 2013,

Plaintiff's claims are timely filed.

## B.    Duplicative Actions

Defendant Active Electric has also asserted Plaintiff's FLSA claim should be dismissed

in the event the Court finds that Plaintiff's opt-in claim filed in *Hivner* is still active. The Court

terminated *Hivner*, however, on August 13, 2013, after the named parties moved the Court to

approve their settlement.  The Court made no findings regarding whether the settlement was fair

and reasonable and did not address Plaintiff's FLSA claim, as courts must do under the FLSA.

E.g., *Landsberg v. Acton Enterprises, Inc.*, 2:05-cv-500, 2008 WL 2468868 at *1 (S.D. Ohio

June 16, 2008) (the court must determine whether the settlement is a fair and reasonable

resolution of a *bona fide* dispute). The Court, habituated to approving proposed settlements

succinctly, closed this case in its typical manner. No party, including Defendant, brought the

failure to make findings necessary to approve the settlement to the Court's attention.  Rightly or

wrongly, *Hivner* was closed without adjudicating Rice's claims.  Because the statute of

limitations was tolled, Rice's claims are not time barred.

## C.    Failure to State a Claim under Ohio Revised Code § 4113.61(B)

Defendant would also have the Court dismiss Rice's Ohio Prompt Payment Act claim,

arguing that the Ohio Prompt Payment Act does not apply to Rice in this situation.  Under the

Ohio statute, a "laborer," if not promptly paid by a "contractor," has a claim for his "wages due"

and statutory interest. Ohio Rev. Code § 4113.61(A)(5) and (B). A "laborer" means "any mechanic, worker, artisan, or other individual who performs labor or work in furtherance of any improvement." Ohio Rev. Code § 1311.01(C) (incorporated by Ohio Rev. Code § 4113.61(F)(2)). A "contractor" is "any person who undertakes to construct, alter, erect, improve, repair, demolish, remove, dig, or drill any part of a structure or improvement under a contract with an owner . . ." Ohio Rev. Code § 4113.61(F)(1). An "owner" is "the state, and a county, township, municipal corporation, school district, or other political subdivision of the state, and any public agency, authority, board, commission, instrumentality, or special district of or in the state or a county, township, municipal corporation, school district, or other political subdivision of the state . . ." Ohio Rev. Code § 4113.61(F)(6). "Wages" are "the basic hourly rate of pay and all other contractually owed benefits." Ohio Rev. Code § 1311.01(K) (incorporated by Ohio Rev. Code § 4113.61(F)(2)). And "wages due" are "the wages due to a laborer as of the date a contractor . . . receives payment for any application . . ." Ohio Rev. Code § 4113.61(F)(5).

> If the contractor . . . fails to pay the laborer wages due within the appropriate time period, the contractor . . . shall pay the laborer, in addition to the wages due, interest in the amount of eighteen per cent per annum of the wages due, beginning on the eleventh day following the receipt of payment from the owner, contractor, subcontractor, or lower tier subcontractor and ending on the date of full payment of the wages due plus interest to the laborer. Ohio Rev. Code § 4113.61(A)(5). A cause of action accrues after thirty days pass.

Ohio Rev. Code § 4113.61(B). As may be apparent from the identity of the statute itself and usage of the phrase "within the appropriate time period," the statute protects the promptness of payment, not just non-payment. In the event of untimely payment, the statute identifies the exact time period during which a mandatory interest accrues. Thus, a claim for interest remains even after late payment of wages.

7

Here, Plaintiff has alleged he was not paid all his wages due in a timely manner in connection with his work on a public improvement project. "Between July 2009 and March 2010, [Plaintiff] was employed by [Active Electric] on a public improvement project, namely the Wright State University Energy Conservation Project ("WSU Project"), owned and funded by the Wright State University." (Doc. 6 at PageID # 27, First Am. Compl. ¶ 4.) Active Electric "submitted numerous pay applications on the WSU Project" and "received payments with respect to those pay applications on the WSU Project at various times during Rice's employment." (Doc. 6 at PageID # 39, First Am. Compl. ¶¶ 103-104.) "Between July 2009 and April 2010, [Active Electric] failed to pay [Plaintiff] all his wages due within 10 days of [Active Electric] receiving progress payments on the WSU Project" and "failed to pay [Plaintiff] all his wages due within 30 days of payment being due to Plaintiff on the WSU Project." (Doc. 6 at PageID # 39, First Am. Compl. ¶¶ 105-106.) Plaintiff was not paid all his wages due on the WSU Project until several years after he worked on the WSU Project. (Doc. 6 at PageID # 39, First Am. Compl. ¶¶ 107-109.) Active Electric's payment to Plaintiff, thus, was alleged to be made not within the appropriate time period.  If true, Plaintiff would be entitled to statutory interest and, possibly, attorney fees and costs. Ohio Rev. Code § 4113.61(A)(5) and (B).

There is no specific statute of limitations associated with statutory claims under Ohio Rev. Code § 4113.61. As such, Ohio's general six-year statute of limitations applies. Ohio Rev. Code § 2305.07 ("Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."(Emphasis added.)).  Plaintiff's Ohio law claims were brought in a timely manner.

**D.**      ***Res Judicata***

Defendant would also have the Court find Plaintiff's action barred by *res judicata*. A claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies;" (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; (4) an identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

*Res judicata* does not apply because there has been no final decision on the merits of Plaintiff's claims. Plaintiff's claim was never adjudicated in *Hivner*. Nor was it compromised or waived. Plaintiff was not a party to any settlement agreement or judgment. Indeed, this Court would be required to approve any waiver and compromise of Plaintiff's claims as fair and reasonable. Because the Court has never approved any waiver or compromise of Plaintiff's claims, there has been no final decision on the merits of Plaintiff's claims.

**E. Attorney Fees**

Active Electric claims Plaintiff has presented the Court with a meritless FLSA claim. It appears to the Court that Plaintiff has alleged in good faith all relevant dates in his Complaint and First Amended Complaint. Moreover, a statute-of-limitations defense is an affirmative defense, which would have been waived if not raised. Fed. R. Civ. P. 8(c). Even if a reviewing Court were to disagree with the merits of this decision, statutes of limitations defenses do not render a complaint in bad faith. Defendant was free to waive its defense and attempt to clear its name on the merits. Moreover, Plaintiff has identified defensible reasons for asserting his FLSA claim in this matter: although his opt-in claim was filed, it was never adjudicated, waived, or compromised in *Hivner*. Because Active Electric has not demonstrated bad faith, it will not be awarded attorney's fees.

9

**IV. Conclusion**

Because this Court terminated *Hivner v. Active Electric, Inc*., 3:12-cv-1, and because the statute of limitations was tolled during the pendency of *Hivner*, and because Ohio Revised Code § 4113.61 does apply to Plaintiff's wages, and because Plaintiff's claims are not barred by *res judicata*, as they were not adjudicated in *Hivner* and because Plaintiff's claims are not brought in bad faith, Defendants' Motion to Dismiss, as well as Defendant's Motion for Attorney Fees (doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, Friday, December 12, 2014.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE